[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

No. 04-11002
Non-Argument Calendar

_____

Agency No. A77-920-562

MASELIE DUMERCY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 2, 2005)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Maselie Dumercy petitions this Court for review of the Board of

Immigration Appeals ("BIA") order affirming without opinion the immigration judge's ("IJ") decision denying her asylum, withholding of removal, and relief under the United States Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We deny the petition.

Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is the final agency decision subject to review. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). We review for substantial evidence an IJ's factual determination that an alien is not entitled to asylum. *Id*. To qualify for asylum, an alien must show past persecution or a well-founded fear of persecution "on account of" her political opinion (or another protected ground). *See INS v. Elias-Zacarias*, 502 U.S. 478, 112 S. Ct. 812, 815 (1992).

The IJ concluded that Dumercy's testimony was vague and conflicting on key issues. In support of her claim of past persecution or fear of future persecution, Dumercy, a native and citizen of Haiti, maintained that her boyfriend (Mark Henry Fleurival) was shot and killed by the Lavalas gang in Haiti for political reasons. She submitted Fleurival's death certificate for the IJ's consideration and contended that because Fleurival was killed due to his political opinion, the Lavalas group will seek to persecute her if she is returned to Haiti. She testified that she was tortured physically and mentally by the threat of violence and Fleurival's death, and that relocation was not an option as the Haitian

2

government is unable to control the Lavalas. But substantial evidence supports the IJ's rejection of Fleurival's death certificate and the police complaint presented by Dumercy in support of her application – the death certificate was determined to be fraudulent and the police complaint was suspicious due to numerous irregularities. Without other evidence to support her claim, substantial evidence supports the IJ's conclusion that Dumercy failed to meet her burden to establish eligibility for asylum.

Furthermore, because she is not entitled to asylum, Dumercy cannot qualify for withholding of removal, which has a more stringent standard for eligibility. *See Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1324 n.2 (11th Cir. 2001). Similarly, she is unable to meet the burden on her claim for CAT relief which also has a higher burden than that imposed on the asylum seeker. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1303 (11th Cir. 2001).

Finding Dumercy's claims without merit, we deny her petition.

**DENIED.**